UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:23CR26 |
| ) | |
| CHRISTOPHER C. MYERS, ) | |
| AKA MIKE HONCHO, ) | |
| AKA MIKE.H0NCH03 ) | |

**PETITION TO ENTER A PLEA OF GUILTY**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through John M. Maciejczyk, Assistant United States Attorney, and the defendant, Christopher C. Myers, and Michael J. Tuszynski, as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. My true name is Christopher C. Myers, and I request that all proceedings against me be had in the name which I here declare to be my true name.

2. I was born in the United States of America. I have attended school, and I have the ability to read, write, and speak the English language.

3. I am represented by counsel and the name of my lawyer is Michael J. Tuszynski.

4. I have received a copy of the Information and have read and discussed it with my lawyer, and I believe and feel that I understand every accusation made against me in this case.

5. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

6. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7. I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

  (a) the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana, which must return a unanimous verdict of GUILTY before I can be convicted;

  (b) the right to be released on reasonable bail until my trial occurs;

(c)   the right to see, hear, and cross-examine all the witnesses against me at my trial;

(d)   the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor at my trial;

(e)   the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

(f)   the right not to testify without prejudice; and,

(g)   that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

8.   I understand that if I plead GUILTY, I waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above. I understand also that I am waiving my right to be charged by way of indictment by pleading GUILTY to the Information.

9.   Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as follows:

(a)   I agree to plead guilty to Count 1 of the Information, charging me with receipt of child pornography in violation of Title 18, United States Code, Section 2252(a)(2), and to Count 2 of the Information, charging me with transferring obscene material to a minor in violation of Title 18, United States Code, Section 1470, because I am, in fact, guilty of the offenses charged.

3

(b) I understand that in order for the Court to accept my guilty plea to the Information, the Court must receive what is called a factual basis. In connection with my guilty plea, I acknowledge the following facts:

> With regard to Count 1, between on or about September 9, 2021, and on or about September 26, 2021, I chatted on the internet with a minor female, Jane Doe, who I met using Omegle. As I chatted with and came to know Jane Doe, I knew she was a minor. I asked Jane Doe to send me nude images of herself. She sent me images of herself via the internet. I received these images, which constitute child pornography as defined by 18 U.S.C. § 2256(8). I knew that these images depicted a minor engaged in sexually explicit conduct. I acknowledge that the internet is a means and facility of interstate commerce. I received the images while I was in the federal Northern District of Indiana.
>
> With regard to Count 2, between on or about September 9, 2021, and in or around October of 2021, I sent to Jane Doe via the internet videos of me performing sex acts on myself. I acknowledge that these videos were "obscene material," namely that (a) the average person, applying contemporary adult community standards, would find that the material, taken as a whole, appeals to the prurient interest; (b) the average person, applying contemporary adult community standards, would find that the material depicts sexual conduct in a patently offensive way; and (c) a reasonable person would find that the material, taken as a whole, lacks serious literary, artistic, political, or scientific value. At the time I sent the videos, I knew of the content, character, and nature of the material. I sent the videos while I was in the Northern District of Indiana.

(c) I understand that the possible penalties that may be imposed upon me for my conviction of the offense of receipt of child pornography as charged in Count 1 of the Information include a mandatory minimum term of imprisonment of 5 years up to a maximum of 20 years, a fine not to exceed $250,000.00, or a combination of both imprisonment and a fine, to which may be added a term of supervised release of five years to life, plus a special assessment of $100.00 in addition to any other penalty imposed. I

will also be subject to a $5,000 discretionary assessment under the Justice for Victims of Trafficking Act, up to a $35,000 assessment under the Amy Vicky Andy Act of 2018, registration as a sex offender, and restitution of a minimum of $3,000 to the victim of the offense, to be determined by the Court.

I understand that the possible penalties that may be imposed upon me for my conviction of transferring obscene material to a minor as charged in Count 2 of the Information include a maximum term of imprisonment of 10 years, a fine not to exceed $250,000.00, or a combination of both imprisonment and a fine, to which may be added a term of supervised release up to 3 years, plus a special assessment of $100.00 in addition to any other penalty imposed. I will also be subject to registration as a sex offender, and to restitution to the victims of the offenses, to be determined by the Court.

(d)     As part of this agreement, I agree to make restitution to the victim of my offenses in an amount to be determined by the sentencing court. I acknowledge that restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. I understand that a payment schedule imposed by the Court establishes only a minimum obligation and does not preclude the United States Attorney's Office from pursuing any other means to collect the restitution judgment pursuant to federal and state law.

(e)     I expressly authorize the U.S. Attorney's Office to immediately obtain a credit report in order to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree to submit within 30 days of the filing of this plea agreement a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. I promise that the financial statement and disclosures will be complete, accurate and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine. If deemed necessary by the U.S. Attorney's Office, I agree to submit, prior to sentencing, to an examination under oath on the issue of my ability to pay restitution.

(f)     I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation

5

Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role in the offense adjustments, career offender status, criminal livelihood and acceptance of responsibility as well as possible departures from the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report; input from counsel for myself, from the government, and from me; federal sentencing statutes; and the U.S. Sentencing Guidelines.

(g)   I understand that this plea agreement does not limit the parties from recommending a sentence above or below the sentencing guideline range.

(h)   I understand that by pleading guilty, I will be required to register as a sex offender upon my release from prison as a condition of supervised release pursuant to 18 US.C. § 3583(d). I also understand that independent of supervised release, I will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout my life. I understand that I will keep my registration current, shall notify the state sex offender registration agency or agencies of any changes to my name, place of residence, employment, or student status, or other relevant information. I will comply with requirements to periodically verify in person my sex offender registration information. I understand that I will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If I reside in Indiana following release from prison, I will be subject to the registration requirements of IC §11-8-8-7. I further understand that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon my release from confinement following conviction.

(i)   I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to

6

impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974. Further, I acknowledge that I have received all discovery required by law prior to the entry of this plea and that I have reviewed the same with my lawyer.

(j)   I agree to forfeit to the United States the following property: a Samsung SM-G960U cell phone, MEID: 355028091188484. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in or used in the commission of the offense. I further consent to the entry of orders of forfeiture pursuant to Federal Rules of Criminal Procedure 32.2.

(k)   I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense as well as the full extent of my criminal history.

(l)   Any agreement that follows in this sub-paragraph is submitted to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and is not binding upon the Court. I understand that this means that if the Court refuses to follow the recommendations set forth in this sub-paragraph, I will not be allowed to withdraw my guilty plea:

>   (1)   The United States of America and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two-level reduction in offense

level. The United States of America and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level. However, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility; and

(2) I further understand that the Court is not bound by these recommendations, that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility, and that I am not entitled to withdraw this guilty plea if the Court decides not to accept these recommendations.

(m) Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure and in exchange for my guilty plea, the government agrees to move to dismiss the indictment against me in Cause Number 3:22-CR-66 at the time of sentencing.

10. I understand that other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed.

11. I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

12. I believe and feel that my lawyer has done all that anyone could do

to counsel and assist me and that I now understand the proceedings in this case against me.

13. I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

14. I understand and acknowledge that this petition, once filed with the Court, is a public document and is available for public viewing.

s/ Christopher C. Myers
Christopher C. Myers
Defendant

s/ Michael J. Tuszynski
Michael J. Tuszynski
Attorney for Defendant

APPROVED:

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

By: s/ John M. Maciejczyk

John M. Maciejczyk
Assistant United States Attorney
Robert A. Grant Federal Building
204 South Main Street, Room M-01
South Bend, Indiana 46601
Email: john.maciejczyk@usdoj.gov