UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CHRISTOPHER C. MYERS )<br>AKA MIKE HONCHO, )<br>AKA MIKE.H0NCH03 ) | Cause No.   3:23-CR-0026-DRL |

## UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through John M. Maciejczyk, Assistant United States Attorney, and submits the following memorandum in preparation for the sentencing hearing in this case.

1.  On April 19, 2023, the defendant pled guilty to count one of the Information, charging him with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and count two charging him with transferring obscene material to a minor in violation of Title 18, United States Code, Section 1470.

2.  The Final Presentence Report ("PSR"), dated August 30, 2023, Dkt. 15, was objected to by the Defendant on numerous factual bases and with regard to the sentencing enhancement under U.S.S.G. §2G2.2(b)(5). This

will be discussed below. The Government had no objections to the Final PSR.

3. The PSR calculates a guideline range for this defendant of 78 to 97 months. PSR ¶ 92. The fine guideline range is $25,000 to $250,000. PSR ¶ 108. Given the defendant's financial situation, a fine is not recommended. PSR ¶ 90. He is required to pay a $200 mandatory special assessment. PSR ¶ 105. He is also subject to a Justice To Victims of Trafficking Act assessment of $5,000 to be assessed against non-indigent defendants. PSR ¶ 106. As noted above, he is indigent. PSR ¶ 90. The defendant is subject to an assessment of up to $35,000 pursuant to the AVAA, 18 U.S.C. § 2259A(a)(3). PSR ¶ 107. Supervised release upon completion of the sentence of confinement is from 5 years to life. PSR ¶ 100.

4. The defendant is obligated to pay restitution in this matter. PSR ¶ 111. The government has not received any information from the victim's parents upon which to base a restitution figure. The government therefore recommends that the court order a minimum restitution of $3,000, payable to the clerk, which may be modified pursuant to 18 U.S.C. § 3664(d)(5) if subsequently further losses are discovered.

5. The government did not agree to recommend a particular sentence in this case. Plea, ¶ 9(e). As detailed below, the government recommends a sentence of 96 months imprisonment, to be followed by 5 years supervised release, no fine, a $100 special assessment, no JVTA assessment,

no assessment under the AVAA, and restitution of $3,000.

6. The application of 18 U.S.C. § 3553(a) factors supports the recommended sentence. These factors include the following:

**(1) the nature and circumstances of the offense and the history and characteristics of the defendant;**

The factual basis of the offense is contained in paragraphs 11-22 of the PSR.

As a threshold matter, the guidelines do not take into account that in addition to receipt of child pornography, the defendant also pled guilty to transferring obscene material to a minor in violation of Title 18, United States Code, § 1470. The government contends that this additional offense conduct should be considered in aggravation.

Aggravating factors also noted in the PSR include *"the defendant creating various social media accounts to persuade an eleven-year-old child into sending him pictures of her private parts and a video of her breasts. In addition, Mr. Myers instructed the victim on how to touch herself or would instruct her on which body part he wanted a picture of to achieve his selfish request which is seen in aggravation as that relates to producing child pornography. Reports indicate only one victim was willing to cooperate with this investigation but there were more victims. The defendant had engaged in sexual conversations with multiple other children in online chats which is*

*seen in aggravation."* PSR ¶ 115.

The PSR also notes *"In addition to Mr. Myer's requesting that the child send him pictures and/or videos of herself naked, he in turn sent her pictures of his penis and videos of himself masturbating. The defendant lied to the victim about his age at first, pretending to be a fifteen year old boy and a cousin to a friend of hers that she went to school with. Mr. Myers targeted her and tried to make her feel comfortable with him to manipulate the young child into doing whatever he requested."* PSR ¶ 116.

The guidelines do not take into account the impact of the offense on the victims, which should be considered as part of "the nature and circumstances of the offense." The victim's mother has provided the Court with an eloquent and moving statement in which she describes the impact of the offense on her daughter. Dkt. 17. The statement details how her child became withdrawn, sad and depressed and the parents didn't know why. They only found out the cause when detectives from the Salinas Police Department approached them. Providing a statement about what had happened traumatized the victim further. As the mother says, "this affected all aspects of her life, including her relationships with family and friends and herself." She has become uncomfortable in her own room, her house, and her school. She is "forever changed and affected by what the defendant put her through."

4

The victim's reaction to this offense is typical. *Child Pornography Survivors*, 80 Child Abuse & Neglect 238-248 (April, 2014). There is no evidence that Myers ever circulated the victim's images, but an article published in the Journal of Child Abuse & Neglect reports on the lasting impact of child pornography in a study of 133 adult survivors. Gerwirtz-Meyden, Walsh, Wolak, Finkelhor, *The Complex Experience of*, but the common themes discovered by the study were:

- Feelings of guilt and shame that the images are being circulated;
- Feelings that someone would think that they were willing participants;
- Concern of being recognized in public;
- Concern of being recognized by friends or acquaintances;
- Refusing to be photographed by family or friends;

*Id.* at 242. Many reported that "they live in constant fear their images will surface and will be viewed by people they know, their family, or their children. Fears of the images and films circulating impacted their ability to continue with their lives or to let go of the past. Many survivors were triggered daily by the fear of being recognized or exposed." Id. at 244. Many survivors also felt "haunted" by the circulation of the images:

> Experiencing CP seems to encompass two stages of victimization. One, from a legal point of view, when the abuse is perpetrated and recorded and one from a psychological point of view, implying the ongoing vulnerability of survivors and the unknown aspect regarding the circulation of the images. Participants discussed the life-long

> vulnerability as a result of the images. According to them, while the abuse *per se* ended, the images will forever be out there, and they felt as if they were haunted by them. Even years after the crime, survivors were worried that the images might be seen by other people or family members, that they would be recognized, or that the images would be used by sex offenders for masturbation or to entice other children into abusive situations. For many respondents, the images were a concrete reminder of their victimization that could reveal their past, or be used for criminal purposes without warning to them and outside of their control.

Id. at 246. Other studies also support the conclusions of the Gerwirtz-Meyden study. *See, e.g.*, Canadian Centre for Child Protection (2017). *Survivor's survey*. Retrieved from https://www.protectchildren.ca/pdfs/C3P_ Survivors SurveyExecutiveSummary2017_en.pdf; Martin, J. (2014). *"It's just an image, right?": Practitioners' understanding of child sexual abuse images online and effects on victims.* Child & Youth Services, 35, 96–115, http://dx.doi.org/10.1080/0145935X.2014.924334.

**(2) the need for the sentence imposed—**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

A sentence of 99 months for this 42-year-old offender will adequately reflect the seriousness of the offense. As discussed above, this offense has a devastating negative impact on victims and a sentence in the guideline range is necessary to emphasize that seriousness. Child exploitation "is grossly intrusive in the lives of children and is harmful to their normal psychological, emotional and sexual development in ways which no just or humane society

6

can tolerate." *See Kennedy v. Louisiana*, 554 U.S. 407, 468 ((Alito J., joined by Roberts, C.J., Scalia, and Thomas, JJ., dissenting) (citation omitted). A 96 month sentence will also adequately promote respect for the law, and provide just punishment for the offense because it is consistent with the guidelines and consistency promotes respect for the law.

**(B) to afford adequate deterrence to criminal conduct;**

**(C) to protect the public from further crimes of the defendant;**

A sentence of 96 months will provide adequate deterrence to others who may contemplate committing similar crimes. The defendant's abuse of other children is extremely disturbing and is certainly possible of repetition.

**(3) the kinds of sentences available;**

**(4) the kinds of sentence and the sentencing range established for—**

**(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--**

These factors support a sentence within the guideline range because they argue for uniform sentencing practices, and the guidelines are designed to achieve this outcome: "The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

**(5) any pertinent policy statement**

The government is not aware of any applicable policy statements.

7

**(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and**

The government has requested the sentencing data for the pertinent guideline, offense level, and criminal history category in this case. However, the guidelines represent the best hope of consistent sentencing. Furthermore, the Sentencing Commission's 2012 report to Congress on Federal Child Pornography Offenses ("Report"), which suggested changes to the sentencing guidelines regarding non-production offenses did not make similar recommendations regarding production guidelines. See Report at 330, https://www.ussc.gov/research/congressional-reports/2012-report-congress-federal-child-pornography-offenses (last visited July 13, 2023).

## Defendant's Objections

The defendant has filed numerous objections to the factual basis of the PSR and offense level calculation. Dkt. 15. The government's response to the factual bases are included in the Addendum to the PSR and will not be repeated here. Dkt. 16. The defendant has also objected to the five level enhancement under U.S.S.G. §2G2.2(b)(5). This enhancement applies if the defendant engaged in a "pattern of activity involving the sexual abuse or sexual exploitation of a minor." § 2G2.2(b)(5). "Pattern of activity involving the sexual abuse or exploitation of a minor" means any combination of two or

8

more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct. § 2G2.2, Application Note 1. "Sexual abuse or exploitation" means . . . conduct described in 18 U.S.C. § 2251(a)-(c)." Myers' conduct fits this definition because on more than two occasions he solicited child pornography from the victim, as the following excerpts from the Instagram chats illustrate. "Author" indicates who sent the message, with "mike.h0nch03" being the defendant, and "XXXXXlolwhat" being the victim (the X's indicating the redaction of the victim's name):

October 7, 2021:

>Author     mike.h0nch03 (Instagram: 44446206094)
>Sent  2021-10-07 03:15:40 UTC
>Body  I want you to spread your pussy open for Daddy's cock
>
>Author     XXXXXlolwhat (Instagram: 47204019838)
>Sent  2021-10-07 03:17:14 UTC
>Body  XXXXX sent an attachment.
>
>
>Author     mike.h0nch03 (Instagram: 44446206094)
>Sent  2021-10-07 03:32:54 UTC
>Body  I want a video
>
>Author     XXXXXlolwhat (Instagram: 47204019838)
>Sent  2021-10-07 03:33:00 UTC
>Body  Of what
>
>Author     mike.h0nch03 (Instagram: 44446206094)

   Sent 2021-10-07 03:33:12 UTC
   Body Rubbing your pussy

   Author  XXXXXlolwhat (Instagram: 47204019838)
   Sent 2021-10-07 03:33:31 UTC
   Body Oki

   Author  XXXXXlolwhat (Instagram: 47204019838)
   Sent 2021-10-07 03:34:52 UTC
   Body XXXXX sent an attachment.

   Author  mike.h0nch03 (Instagram: 44446206094)
   Sent 2021-10-07 03:35:45 UTC
   Body You make me so happy

November 5, 2021:

   Author  XXXXXlolwhat (Instagram: 47204019838)
   Sent 2021-09-05 05:58:40 UTC
   Body i shaved my thing again-

   Author  mike.h0nch03 (Instagram: 44446206094)
   Sent 2021-09-05 05:58:48 UTC
   Body Oh

   Author  mike.h0nch03 (Instagram: 44446206094)
   Sent 2021-09-05 05:59:09 UTC
   Body Do I get to see?

November 9, 2021:

   Author  mike.h0nch03 (Instagram: 44446206094)
   Sent 2021-09-09 02:49:50 UTC
   Body I really want to see your pussy

   Author  XXXXXlolwhat (Instagram: 47204019838)
   Sent 2021-09-09 02:50:14 UTC
   Body XXXXX sent an attachment.

   Author  XXXXXlolwhat (Instagram: 47204019838)

 Sent 2021-09-09 02:50:20 UTC
 Body XXXXX sent an attachment.

 Author mike.h0nch03 (Instagram: 44446206094)
 Sent 2021-09-09 02:51:04 UTC
 Body I want to be licking you like it's my job

 Author mike.h0nch03 (Instagram: 44446206094)
 Sent 2021-09-09 03:04:36 UTC
 Body Show me your pussy again and you will make me cum

 Author XXXXXlolwhat (Instagram: 47204019838)
 Sent 2021-09-09 03:05:00 UTC
 Body XXXXX sent an attachment.

 Author XXXXXlolwhat (Instagram: 47204019838)
 Sent 2021-09-09 03:05:07 UTC
 Body XXXXX sent an attachment.

 Author mike.h0nch03 (Instagram: 44446206094)
 Sent 2021-09-09 03:05:45 UTC
 Body It looks so tasty. Are you out now?

A copy of the chats are attached to the PSR addendum as Exh. 1. Dkt. 16, Exh. 1. These instances support the enhancement because they are requests for production of child pornography.

## Conclusion

Based on the above, the government requests that the defendant be sentenced to a sentence of 96 months imprisonment, to be followed by 5 years supervised release, no fine, a $100 special assessment, no JVTA or AVAA assessments, and restitution in the amount of $3,000.

Dated: September 1, 2023

        Respectfully submitted,

        CLIFFORD D. JOHNSON
        UNITED STATES ATTORNEY


By:    s/ *John M. Maciejczyk*
        John M. Maciejczyk
        Assistant United States Attorney
        United States Attorney's Office
        204 S. Main Street, Room M01
        South Bend, IN 46601
        Phone: (574) 236-8287