UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cause No.:   3:23-CR-26 |
| | ) | |
| CHRISTOPER C. MYERS | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW, the Defendant Christopher C. Myers by counsel, Michael J. Tuszynski and respectfully submits to the Court his arguments regarding sentencing, application of the United States Sentencing Guidelines and 18 U.S.C. §3553(a) factors.  In support thereof, Counsel States as follows:

U.S. Sentencing Guideline Analysis

The Defendant has pled guilty to Count I, Receipt of Child Pornography in violation of 18 U.S.C. §2252(a)(2) and (b)(1) and Count II, Transfer of Obscene Material to a Minor in violation of 18 U.S.C. §1470. Pursuant to the plea agreement, the government will make a non-binding recommendation that the defendant receive the maximum reduction in offense level for acceptance of responsibility.  The Defendant agrees to make restitution as determined by the Court, forfeit certain property for destruction and waive his right to appeal his conviction and sentence.  The government will dismiss the Indictment in Cause Number 3:22-CR-66.

1

Guideline Calculation as to Count I
-----

The base offense level is properly calculated at twenty-two (22) pursuant to U.S.S.G. §2G2.2(a). A two-level reduction in the offense level applies as defendant's conduct was limited to the receipt or solicitation of the offending materials pursuant to §2G2.2(a)(2)(b)(1)(A)(B)(C).

The following Special Offense Characteristics apply: i) a two level increase for material depicting a prepubescent minor under the age of twelve (12) pursuant to §2G2.2(b)(2); ii) a two level increase for the use of a computer or interactive computer service pursuant to §2G2.2(b)(6); and iii) a two level increase as the offense involved less than 150 images pursuant to §2G2.2(b)(7)(A). The resulting total offense level, including reduction for acceptance of responsibility under 3E1.1(a) and (b) would be twenty-six (26).

However, the Probation Department has determined that the Special Offense Characteristic found in §2G2.2(b)(5) also applies for an additional five level increase because the defendant engaged in a pattern of activity involving the exploitation of a minor. As a result, the total adjusted offense level calculated in the Presentence Report is thirty-one (31). Defendant continues to accept responsibility for his conduct but believes application of this Specific Offense Characteristic is misapplied.

The presentence report indicates a 5 level increase in the offense level is applied based on defendant engaging in a pattern of activity involving the exploitation of a minor pursuant to USSG §2G2.2(b)(5). The report indicates that the upward departure is warranted because of the other NCMEC tips, the compliant from Virginia and the statements of Victim1.

§2G2.2(b)(5) indicates that *"If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels."*

Application Note 1 to §2G2.2 defines "pattern of activity involving the sexual abuse or exploitation of a minor" as:

> *any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.*

The term "sexual abuse or exploitation" is further defined in Application Note 1, but the definition is then circumscribed by the following limiting language:

> "*Sexual abuse or exploitation" does not include possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor.*

Defendant continues to accept responsibility for his actions and does not deny his conduct to which he has pled, but given the objections to the offense conduct, the lack of evidence regarding the Virginia claimant, and the impeachment of Victim 1 by the forensic evidence, Defendant asserts the upward departure pursuant to §2G2.2(b)(5) is inapplicable as there is no pattern of activity.

Given the objection to this special offense characteristic, Defendant maintains that the total adjusted offense level is properly calculated at level is twenty-three (23). As Defendant is calculated to be in Criminal History Category I. The applicable guideline range at level twenty-three is (23) is 46-57 months. The statutory minimum sentence for Count I is five years or sixty months, making the applicable guideline range sixty (60) months.

## 18 U.S.C. §3553 Analysis

18 U.S.C. §3553(a) provides that the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a)(2):

> (A)  The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.
>
> (B)  The need for the sentence to afford adequate deterrence to criminal conduct.
>
> (C)  The need to protect the public from further crimes of the defendant.
>
> (D)  The need to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

Mr. Myers is forty-two (42) years old. He was born in Mishawaka, Indiana. His parents divorced when he was fourteen years of age. He has a brother and sister from his parents' marriage. He maintains contact with his father and siblings. His mother passes away in March 2022.

Although there was no alcohol or drug abuse in the home, the Mr. Myers 'childhood was chaotic. His father was emotionally distant and was often away at work, while his mother was verbally, mentally and physically abusive to himself and his siblings. There was little structure or parenting.

Mr. Myers has been married for ten (10) years and has three minor sons. Prior to his arrest, Defendant lived in the marital home with his wife and three sons. His wife indicates he is a wonderful father to their children. Mr. Myers continues to enjoy strong family support as evidenced by the attached letters of support.

Mr. Myers graduated from Penn High School in 1999. He attended classes at various time at Indiana University South Bend from the time he graduated until he enlisted in the United States Marine Corps in 2003. He served, was decorated and was honorably discharged in 2007 at the rank of E4. Thereafter, he resumed work on a college degree, has kept regular employment and started a family in 2013.

The defendant is in good physical health and does appear to have any current substance abuse issues. In his youth he may have experimented with controlled substances, but that has not carried on into his later life. While he does have three prior alcohol-related arrests, two of them are over twelve (12) years old. The most recent was in 2022 following the death of his mother.

Beyond work, Mr. Myers enjoyed spending time with his family, going to church and running. He is eager to reconnect with his sons and wife.

It does not appear from the discovery materials that Mr. Myers had ever made an attempt to physically meet with anyone he had contacted on social media. He has remained in custody since his arrest on September 20, 2022. Counsel believes Mr. Myers is remorseful for his actions and the harm that has been caused to everyone concerned. His remorse, the commitment to his family and his background suggest Mr. Myers is amenable to treatment and likely to comply with all terms of his sentence and supervised release. Moreover, said factors suggest that he is likely to conform his future conduct to the norms of society.

It is expected Mr. Myers will be required to register as a sex offender for a considerable period of time, as a result of his conviction.

Finally, based on the findings in the United States Sentencing Commission Sourcebook for 2021, approximately 66.5% of approximately 1,214 child pornography offenders sentenced

under U.S.S.G. §2G2.2 in 2021 received below guideline sentences, 32.9% receiving sentences within the guideline range and 0.6% were sentenced above the guideline range.  The average below guideline range sentence is between 20 to 30 percent below the calculated guideline range.

<u>Sentencing Recommendation Based on 18 U.S.C. § 3553(a)</u>

Given the Defendant's history and characteristics, and recent sentencing trends, counsel would assert that a sentence of sixty (60) months, followed by a term of supervised release of at least five (5) years is a reasonable sentence but not greater than necessary to accomplish the sentencing goals established by Congress.

Counsel believes that any concerns regarding punishment, recidivism or supervision can be adequately addressed by a prolonged period of supervised release and the attendant sexual offender registration which will be required.

WHEREFORE, Defendant would request that the Court consider his sentencing argument based on the factors set for in 18 U.S.C. 3553(a).

*/s/Michael J. Tuszynski*
Michael J. Tuszynski (21415-71)
Stanley, Tuszynski & Newman
220 W. Colfax, Suite 600
South Bend, IN  46601
Telephone: (574)-288-9447
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September 2023 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

john.maciejczyk@usdoj.gov

*/s/Michael J. Tuszynski*
Michael J. Tuszynski